RECEIVED

2005 OCT -5 P 4: 04

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DESMOND CARR, | * |
|    Plaintiff, | * |
| | * |
| v. | *  Civil Case No. 2:05CV949-D |
| | * |
| CITY OF UNION SPRINGS, ALABAMA | * |
| and | * |
| JOSEPH H. HOYLE, JR., individually, | *  **JURY TRIAL DEMANDED** |
|    Defendants. | * |

## COMPLAINT

COMES NOW Plaintiff DESMOND CARR, by and through his attorney of record, and would show unto the Court as follows:

### JURISDICTION AND VENUE

1.  Plaintiff files this Complaint and invokes the jurisdiction of this Court under and by virtue of the Fourth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. § 1983, 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 2201, 28 U.S.C. § 2202, and the common law of Alabama to obtain declaratory and injunctive relief and compensatory and punitive damages. Defendants violated Plaintiff's rights as guaranteed by the Constitution of the United States, by Federal law, and by Alabama law.

2.  The violations of Plaintiff's rights as alleged herein occurred in Bullock County, Alabama, and were committed within the Middle Division of the Northern District of the State of Alabama.

### PARTIES

1

3. Plaintiff Desmond Carr (hereinafter, "Plaintiff") is over the age of 19 years, and is and at all times material hereto was a citizen of the United States and the State of Alabama.

4. Defendant Joseph H. Hoyle, Jr. (hereinafter, "Hoyle"), a further and better denomination of whom is presently unknown to Plaintiff despite diligent inquiry, is a natural person believed to be over the age of 19 years, is or was at all times material hereto an employee, officer or agent of the Police Department of the City of Union Springs, Alabama, and is a person whose conduct proximately and directly harmed Plaintiff. Hoyle is being sued individually.

5. Defendant City of Union Springs, Alabama (hereinafter, "City") is a municipal corporation sited in Bullock County, Alabama, in the Middle District of Alabama.

## NATURE OF PROCEEDINGS

6. This is a proceeding for a judgment declaring the relative rights, responsibilities and liabilities of the parties, each to the other, and for compensatory and punitive damages for their suffering as a consequence of the wrongs alleged herein.

## FACTS

7. Plaintiff expressly adopts as if fully set forth herein the allegations in the foregoing paragraphs.

8. On or about March 27, 2004, defendant Hoyle issued a series of ten Uniform Traffic Tickets and Complaints ("the tickets") against Plaintiff. The said tickets were filed with the magistrate of the court on or about March 29, 2004.

9. Plaintiff was never notified that the tickets had been issued.

2

10. Plaintiff was not present at the place and on the time and date giving rise to the alleged offenses referenced on the tickets.

11. At the time of the writing of the tickets, Hoyle was acting under color of law as an agent or officer of the City of Union Springs.

12. On or about May 7, 2004, Hoyle encountered Plaintiff on a municipal street in the City of Union Springs, Alabama.

13. Pursuant to the encounter, Hoyle positioned and operated his vehicle in such a way as to force Plaintiff to drive his car in reverse for several blocks in order to avoid its being struck by Hoyle's police vehicle.

14. Eventually, Plaintiff was blocked and forced to stop his vehicle. At that point, Hoyle caused his vehicle to collide with Plaintiff's vehicle in such a way as to cause significant harm and damage to Plaintiff's vehicle.

15. At the time of the motor vehicle confrontation, Hoyle was acting under color of law as an agent and officer of the City of Union Springs.

16. On or about June 4, 2004, Plaintiff was working at his place of employment when he was arrested by an officer of the Brundidge police department pursuant to a warrant for his failure to appear to answer charges related to the tickets.

17. Plaintiff at that time had not been informed that any tickets had been issued against him.

18. At the instance and instigation of Hoyle, Plaintiff was taken to the Brundidge jail at approximately 11:00 a.m. on June 4th, where he stayed for approximately four hours. From there he was given into the custody of a Union Springs officer who transported him

– cuffed and shackled – to the Union Springs jail, where he was held until the afternoon of June 8th.

19. Plaintiff was required to post a bond in order to gain his release from jail.

20. Plaintiff appeared in court as ordered on September 1, 2004.

21. All charges brought against him in connection with the tickets of March 27, 2004, were dismissed, and the proceedings were terminated in favor of Plaintiff.

22. Plaintiff has been damaged and injured in that he has suffered a loss of liberty, loss of wages and income for the time he was incarcerated and for the time he was compelled to spend in court, loss of his property and great property damage as a result of the motor vehicle collision, attorney's fees for defense against the charges, and great and severe emotional distress and mental anguish as a result of his exposure to the risk of jail time. He also suffered inconvenience and loss of enjoyment of life.

23. Plaintiff timely submitted a claim for damages to the City of Union Springs pursuant to state law.

24. Plaintiff's damages were a direct and proximate result of the carelessness, unskillfulness and neglect of Hoyle, which carelessness, unskillfulness and neglect is imputable to the City of Union Springs.

25. Hoyle's actions were undertaken under circumstances evincing a reckless disregard for Plaintiff's federally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution.

26. The actions of Hoyle constitute State action.

## CAUSES OF ACTION

27. As to each of the counts herein below set forth, Plaintiff expressly adopts as if fully set forth herein the allegations of the foregoing paragraphs.

### COUNT I – DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW 42 U.S.C. § 1983 – UNREASONABLE FORCE

28. At all times material hereto, Hoyle was acting under color of state law as an agent or officer of the City of Union Springs.

29. Hoyle subjected Plaintiff to excessive and unreasonable force in violation of the Fourth and Fourteenth Amendments to the United States Constitution when he forced Plaintiff to back his car for several blocks and then smashed into it.

30. Plaintiff had a right to be free from the use of unreasonable force pursuant to the guarantees of the Fourth and Fourteenth Amendments to the United States Constitution.

31. At all times material hereto the right of Plaintiff to be free from the use of unreasonable force was clearly established.

32. Any reasonable officer knows or should know that the aforementioned rights were clearly established at the time of the conduct giving rise to the claims herein.

33. Plaintiff has been damaged thereby, in that he has suffered fear, apprehension, emotional distress, mental anguish, and property damage.

### COUNT II – DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW 42 U.S.C. § 1983 – FALSE ARREST, MALICIOUS PROSECUTION

34. At Hoyle's instance, Plaintiff was falsely charged with various crimes, was falsely arrested, falsely imprisoned, and haled into court to face judicial proceedings.

35. Hoyle's conduct was undertaken in the absence of probable cause.

36. Hoyle's conduct was undertaken under such circumstances as to imply malice and, in fact, was malicious.

37. Proceedings against Plaintiff were terminated in Plaintiff's favor.

38. Plaintiff has been damaged in that he has suffered unreasonable seizure of his person, fear, apprehension, emotional distress, mental anguish, loss of income and employment, and bond premium expense.

## COUNT III – ALABAMA LAW CLAIMS

39. In his operation of a motor vehicle as set forth above, Hoyle was neglectful, unskillful, and careless.

40. Hoyle's neglectfulness, unskillfulness and carelessness proximately and directly caused damage and injury to Plaintiff.

41. Hoyle, at all times material hereto, was acting as an agent, officer, or employee of the City of Union Springs, and Hoyle was acting within the line and scope of his duties.

42. A claim was properly and timely presented to the City of Union Springs.

43. The City of Union Springs is liable over to Plaintiff as the employer of Hoyle.

44. Hoyle, himself is liable over to Plaintiff as a consequence of his neglectfulness, unskillfulness and carelessness.

## PRAYER FOR RELIEF

WHEREFORE, the premises considered, Plaintiff prays for relief as follows:

a) Enter a declaratory judgment that the policies and practices complained of herein are unlawful and violative of the Fourth and Fourteenth Amendments to the United States Constitution, as addressed by and through 42 USC.A § 1983;

b) Enjoin the defendants from imposing punishment as against Plaintiff and further violating his federally protected rights;

c) Grant Compensatory damages in favor of Plaintiff as against all defendants of $1,000,000.00;

d) Grant Punitive damages to Plaintiff against all defendants in the amount of $1,000,000.00;

e) Grant Plaintiff the cost of this action including reasonable attorneys' fees;

f) Grant such other, further and different relief as this Court may deem just and proper, including all equitable relief and attorney's fees and costs, the awarding of which is within the jurisdiction of the Court.

RESPECTFULLY SUBMITTED on this the 4th day of October, 2005.

JAY LEWIS
Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
J-Lewis@JayLewisLaw.com
ASB-2014-E66J

**PLAINTIFF DEMANDS TRIAL BY JURY**