IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| Desmond Carr, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | 02:05-CV-949-D |
| | * | |
| City of Union Springs and | * | |
| Joseph H. Hoyle, Jr. | * | |
| | * | |
| Defendants. | * | |

## ANSWER OF UNION SPRINGS, ALABAMA AND JOSEPH HOYLE, JR.

COME NOW Defendants, by and through counsel, and state the following as their Answer to Plaintiff's Complaint:

1. These Defendants admit that the United States District Court for the Middle District of Alabama, Northern Division, as jurisdiction to adjudicate the matter set forth in Plaintiff's Complaint. These Defendants deny that they violated Plaintiff's rights as guaranteed by the Constitution of the United States, by Federal law, and by Alabama law.

2. These Defendants admit that the actions giving rise to Plaintiff's Complaint occurred within the Middle District of Alabama, Northern Division. These Defendants deny that Plaintiff's rights were violated.

3. These Defendants admit paragraph 3 of Plaintiff's Complaint.

4. These Defendants deny paragraph 4 of Plaintiff's Complaint and demand strict proof thereof.

5. These Defendants admit paragraph 5 of Plaintiff's Complaint.

6. These Defendants deny any and all liability that may be alleged in paragraph 6 of Plaintiff's

Complaint.

7.  No answer is required of these Defendants as to paragraph seven of Plaintiff's complaint.

8.  These Defendants admit that tickets were issued to Plaintiff and were filed with the Magistrate Court on or about March 29, 2004. These Defendants deny the remainder of paragraph eight of Plaintiff's Complaint and demand strict proof thereof.

9.  These Defendants deny paragraph nine of Plaintiff's Complaint and demand strict proof thereof.

10. These Defendants deny paragraph ten of Plaintiff's Complaint and demand strict proof thereof.

11. These Defendants admit paragraph eleven of Plaintiff's Complaint and deny any and all liability that maybe alleged therein.

12. These Defendants admit paragraph twelve of Plaintiff's Complaint and deny any and all liability that maybe alleged therein.

13. These Defendants deny paragraph thirteen of Plaintiff's Complaint and demand strict proof thereof.

14. These Defendants deny paragraph fourteen of Plaintiff's Complaint and demand strict proof thereof.

15. These Defendants admit the officer was acting under the color of law as an agent and officer of the City of Union Springs. These Defendants deny that any confrontation occurred and demand strict proof thereof.

16. These Defendants deny paragraph sixteen of Plaintiff's complaint and demand strict proof thereof.

17. These Defendants deny paragraph seventeen of Plaintiff's complaint and demand

strict proof thereof.

18. These Defendants deny paragraph eighteen of Plaintiff's Complaint and demand strict proof thereof.

19. These Defendants admit paragraph nineteen of Plaintiff's Complaint and deny any and all liability alleged therein.

20. These Defendants admit paragraph twenty of Plaintiff's Complaint and deny any and all liability alleged therein.

21. These Defendants admit paragraph twenty-one of Plaintiff's Complaint and deny any and all liability alleged therein.

22. These Defendants deny paragraph twenty-two of Plaintiff's complaint and demand strict proof thereof.

23. These Defendants deny paragraph twenty-three of Plaintiff's complaint and demand strict proof thereof.

24. These Defendants deny paragraph twenty-four of Plaintiff's complaint and demand strict proof thereof.

25. These Defendants deny paragraph twenty-five of Plaintiff's complaint and demand strict proof thereof.

26. These Defendants admit paragraph twenty-six of Plaintiff's Complaint and deny any and all liability alleged therein.

27. No answer is required of these Defendants as to paragraph twenty-seven of Plaintiff's Complaint.

28. These Defendants deny Count One of Plaintiff's complaint and demand strict proof thereof.

29. These Defendants deny Count Two of Plaintiff's complaint and demand strict proof thereof.

30. These Defendants deny Count Three of Plaintiff's complaint and demand strict proof thereof.

31. These Defendants deny that Plaintiff is entitled to any request in his prayer for relief and demands strict proof thereof.

## **AFFIRMATIVE DEFENSES**

32. These Defendants affirmatively plead their actions were based on probable cause and arguable probable cause.

33. These Defendants are entitled to substantive immunity.

34. These Defendants are entitled to qualified immunity.

35. These Defendants are entitled to discretionary function immunity.

36. These Defendants are entitled to immunity pursuant to Alabama Code § 6-5-338.

37. These Defendants affirmatively plead that Plaintiff failed to comply with the statutory requirements to maintain this lawsuit.

38. These Defendants affirmatively plead the general issue.

39. These Defendants affirmatively plead contributory negligence.

40. These Defendants affirmatively plead assumption of risk.

41. These Defendants affirmatively plead that their actions were justified and based on applicable law.

42. These Defendants affirmatively plead the de minis force doctrine.

43. These Defendants affirmatively plead their actions were reasonable.

43. These Defendants affirmatively plead that Plaintiff cannot point to a policy or custom of the

City of Union Springs that was the proximate cause of his alleged constitutional violation.

44. These Defendants affirmatively plead that any judgment rendered in this case is limited by statute.

45. These Defendants affirmatively plead that their actions were legitimately the justified.

46. These Defendants affirmatively plead that parts or all of Plaintiffs are barred by statute.

/s/ Rick Howard
Alex L. Holtsford, Jr. (HOL048)
Rick A. Howard (RAH045)
Attorneys for City of Union Springs and Joseph H. Hoyle, Jr.

OF COUNSEL:

Nix Holtsford Gilliland Higgins & Hitson, P.C.
P.O. Box 4128
Montgomery, AL 36103-4128
(334) 215-8585

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon:

Jay Lewis
Law Offices of Jay Lewis, LLC
Post Office Box 5059
Montgomery, AL 36103

by placing same in the United States Mail, postage prepaid, on this the 21st day of October, 2005.

/s/ Rick Howard
OF COUNSEL